UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES M. WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>CONAGRA FOODS LAMB WESTON,<br><br>    Defendant. | No. 4:15-cv-05067-SAB<br><br>**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS** |

Before the Court is Defendant's 12(b)(6) motion to dismiss, ECF No. 4. Also pending are Defendant's motion to strike Plaintiff's declaration in support of the amended complaint, ECF No. 10; Defendant's motion to expedite the motion to strike, ECF No. 11; and Plaintiff's motion for oral argument on the motion to dismiss and to expedite, ECF No. 13. For the reasons set forth below, the Court **denies** Defendant's motion to dismiss; because this Order is based on the Amended Complaint, the other pending motions are **denied as moot.**

### STANDARD

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS ^ 1**

1 cognizable legal theory or sufficient facts to support a cognizable legal theory."
2 *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

3     To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a
4 complaint does not need detailed factual allegations but it must provide more than
5 a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*
6 *Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to
7 raise a right to relief above the speculative level. *Id.* When considering a motion to
8 dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal*,
9 556 U.S. at 678.

## AMENDED COMPLAINT

11     In considering the 12(b)(6) motion to dismiss, the Court takes the following
12 facts *solely* from the amended complaint and the incorporated contract.

13     Plaintiff Charles Woods, a potato farmer, was approached by Agricultural
14 Specialist Doug Myers and Manager of Agriculture Wade Rehberg, two
15 employees of ConAgra Lamb Weston, in June 2014. Mr. Rehberg and Mr. Myers
16 presented him with a contract to sell to ConAgra 12,335 tons of potatoes for
17 $150.00 per ton. The Plaintiff believed that Mr. Rehberg and Mr. Myers had the
18 authority to create contracts on behalf of ConAgra Lamb Weston. Both employees
19 of ConAgra Lamb Weston signed or initialed the written contract, which specifies
20 the goods to be sold, the quantity, the price per ton of potatoes, and various terms
21 and conditions. Plaintiff's name is printed on the first page. ConAgra Lamb
22 Weston's name appears on the contract's letterhead. There are blank spaces for
23 "Buyer" and "Seller" to sign. Adjacent there are four lines, under the heading
24 "Reviewed by: *(Initial).*" Under each line are printed titles reserved for various
25 ConAgra officials, including the titles of Mr. Rehberg and Mr. Myers. Mr.
26 Rehberg and Mr. Myers' initials or signatures appear in their respective spaces.

27     Plaintiff states that in agreeing to sell his potatoes to Defendant ConAgra
28 Lamb Weston, he ended a long term relationship with Heinz Agriculture. Later,

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS ^ 2**

Mr. Myers called Plaintiff to confirm the location of the potato fields, and Plaintiff drove Mr. Myers to Plaintiff's growing locations to identify the acres that would grow the potatoes under contract. Plaintiff proceeded to raise the crop.

On August 7, 2014, Plaintiff received a call from David Smith, Defendant's Senior Director of Agricultural Services, asking to execute a new agreement with a lower price and to be released from the earlier agreement. Plaintiff refused, and Defendant refused to pay Plaintiff.

## ANALYSIS

The Court finds that Plaintiff has sufficiently alleged the existence of a contract. According to Washington law, the essential elements of any contract in writing includes subject matter, parties, a promise, terms and conditions, and price or consideration. *DePhillips v. Zolt Constr. Co.*, 136 Wn. 2d 26, 31 (1998). The contract attached to the amended complaint includes all of these elements. The contract identifies both parties and sets out a deal to sell a quantity of potatoes for a set price and contains many pages of terms and conditions.

In Washington, "a breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995). Plaintiff states that Defendant refused to pay, and that Plaintiff suffered damages as a result of the refusal. This is specific enough to make the claim plausible. Based on the above facts, the Court also finds the Plaintiff sufficiently pled a claim for promissory estoppel. *See Becker v. Wash. State Univ.*, 165 Wn. App. 235, 249 (2011).

The major point of contention in this motion is whether the alleged writing satisfies the statute of frauds. Defendant argues that because the spaces of the form contract marked as "Buyer" and "Seller" are blank, and because the only signatures on the form are in a column marked clearly as "Reviewed by:", there is no reasonable way to interpret the contract as bearing sufficient intent to bind

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS ^ 3**

ConAgra Lamb Weston. Thus to Defendant, the statute of frauds is unsatisfied and the claims should be dismissed as a matter of law. *See* RCW § 62A.2-201. Plaintiff argues the signatures, markings, or initials of Defendant's agents are sufficient.

The Court agrees with the Plaintiff. The marks of two of Defendant's agents "afford a basis for believing that the offered oral evidence rests on a real transaction," RCW § 62A.2-201 comment 1, and provide a competing reasonable interpretation of the creation of a contract. *See Lonneker v. United States*, No. C-89-723-RJM, 1991 WL 180633, at *3 (E.D. Wash. June 17, 1991) ("In . . . commercial dealings, the concept of a signature is broad in the extreme."). The Plaintiff has clearly and adequately stated a claim for which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to dismiss, ECF No. 4, is **DENIED.**
2. Defendant's motion to strike Plaintiff's Declaration by Charles M. Wood, ECF No. 10, is **DENIED AS MOOT.**
3. Defendant's motion to expedite the motion to strike, ECF No. 11, and Plaintiff's motion for oral argument on the motion to dismiss and to expedite, ECF No. 13, are **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 4th day of September, 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS ^ 4**